IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GEOFFREY W. FREEMAN, #N40858, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02144−SMY |
| | ) | |
| JACQUELINE LASHBROOK, | ) | |
| KEVIN REICHERT, | ) | |
| JOSHUA SCHOENBECK, | ) | |
| ANDREW SPILLER, | ) | |
| COUNSELOR BARTON, | ) | |
| PATTY THULL-SNEED | ) | |
| and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Geoffrey Freeman, an inmate who is in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that prison officials at Menard conspired to retaliate against him for filing grievances and a lawsuit against them. (Docs. 1, 1-1). He seeks a protective order, expedited discovery and unspecified injunctive relief. (Doc. 1, p. 20).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Defendants conspired to retaliate against him for filing grievances and a lawsuit against them in *Freeman v. Reicherd,* No. 17-cv-372-SMY-RJD (S.D. Ill. 2017) ("prior lawsuit"). (Docs. 1, 1-1). Just three days after filing the prior lawsuit, Reichert, Schoenbeck, and Spiller authorized Plaintiff's transfer to Pontiac Correctional Center ("Pontiac"), a facility they knew posed a substantial risk of injury or death to Plaintiff. (*Id*.). To prevent the transfer, Plaintiff signed out of protective custody ("PC"). (*Id*.).

While Plaintiff was on a Court Writ at Stateville from January until April 2018, the defendants circulated his legal mail among security threat group ("STG') inmates at Menard, including a sealed document in his prior lawsuit. (*Id*. at p. 15). The defendants also intercepted an emergency grievance that Plaintiff filed on March 2, 2018 to complain about Menard's practice of facilitating unlawful gang activity.[1] (Doc. 1, pp. 9-10; Doc. 1-1, pp. 1-3). Patty Sneed-Thull failed to investigate the grievance and concealed facts related to it. (Doc. 1, p. 15).

The defendants' conduct prompted Plaintiff to seek PC when he returned from the Court Writ on April 11, 2018. (*Id*. at p. 10). Processing him for PC took almost two months. (*Id*.). During this time, Spiller placed Plaintiff in an area dominated by "hand-picked" STG inmates, who routinely threatened him. (*Id*. at p. 12). Counselor Barton and Warden Lashbrook authorized Plaintiff's transport to Stateville alongside STG inmates on two occasions.[2] (*Id*. at pp. 12, 14).

---

[1] His emergency grievance cited the following gang activity at Menard, among other things: (a) setting terms of phone usage for non-STG inmates; (b) selling merchandise to non-STG inmates; (c) occupying non-STG inmates on work assignment while granting STG inmates immunity from searches; (d) accessing non-STG inmate's mail and J-Pay receipts; and (e) selling, delivering, and distributing controlled substances to non-STG inmates for profit. (Doc. 1, p. 9; Doc. 1-1, pp. 1-3).

[2] Plaintiff was transported to Stateville on May 9, 2018 and remained there for several days. (Doc. 1, pp. 12, 14). He was transported there again on July 11, 2018 and stayed until September 5, 2018. Each time, he was housed with STG inmates. (*Id*.).

Following the first incident, Plaintiff was immediately placed in PC when he returned to Menard on May 16, 2018. (Doc. 1, p. 13; Doc. 1-1, pp. 11-12). Defendants then refused to transport him to court on June 22, 2018.[3] (*Id*.). Following the second incident, Spiller warned Plaintiff that he would "wake up in Pontiac," if he did not "idle his pen" and stop talking. (Doc. 1, p. 15). To avoid transfer to Pontiac, Plaintiff filed an emergency grievance to warn prison officials of the risk of injury or death he faces at Pontiac. Although Plaintiff is now housed in PC at Menard, he lives in fear of injury or death.[4] (*Id*. at pp. 16-17).

## **Discussion**

The Court finds it convenient to reorganize the *pro se* Complaint into the following enumerated Counts:

**Count 1:**   Defendants Reichert, Schoenbeck Spiller and/or Thull-Sneed, either individually or in conspiracy with one another and in violation of the First Amendment, retaliated against Plaintiff for filing emergency grievance(s) in 2018 and the prior lawsuit in 2017 against them by:

(a)   authorizing and/or threatening Plaintiff's transfer to Pontiac;

(b)   circulating Plaintiff's legal mail among STG inmates at Menard;

(c)   intercepting, reading, and circulating Plaintiff's emergency grievance dated March 2, 2018;

(d)   delaying Plaintiff's placement in PC from April until June 2018;

(e)   housing Plaintiff with or near STG inmates in a cell with a steel-box door in 2018;

(f)   transporting Plaintiff with STG inmates to Stateville in May and July 2018; and/or

(g)   refusing to transport Plaintiff to court on June 22, 2018.

---

[3] This resulted in an alleged delay in Plaintiff's case but no other impediments to litigation.
[4] Plaintiff complains that the cell has a steel-box door with limited openings for observation or air flow, increasing his chance of injury or death from other inmates or heat-related ailments. (Doc. 1, p. 17).

        **Count 2:**        Defendants Lashbrook and Barton, either individually or in conspiracy with Reichert, Schoenbeck and Spiller and in violation of the First Amendment, retaliated against Plaintiff for filing emergency grievance(s) in 2017 and a prior lawsuit in 2017 by delaying his processing for PC and transporting him to Stateville alongside STG inmates in May and July 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

In Counts 1 and 2, Plaintiff claims that the defendants conspired to retaliate by taking adverse action against him at Menard in 2018 for filing a 2017 lawsuit and 2018 emergency grievance(s) against them (Docs. 1, 1-1). In order to state a claim for retaliation under the First Amendment, the plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). A civil conspiracy claim requires the plaintiff to identify the parties involved in the conspiracy, the general purpose, and the approximate date. *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002).

The allegations in the Complaint support a claim against the defendants in Counts 1 and 2 for conspiracy to retaliate against Plaintiff. However, the unknown defendants identified as "John Does" will be dismissed from this action without prejudice. Although Plaintiff identifies these unknown individuals in the case caption, he does not mention them in the statement of his claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff must also

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

refer to these unknown individuals in the statement of his claim and set forth allegations which demonstrate that each "John Doe" was involved in the deprivation of his constitutional rights. Having failed to do so, Defendants John Does will be dismissed without prejudice from the action.

### Request for Relief

In his Request for Relief, Plaintiff seeks a protective order and unspecified injunctive relief. (Doc. 1, p. 20). Plaintiff does not explain what he means by a "protective order" or describe what injunctive relief he requires. He does not mention a temporary restraining order ("TRO") or a preliminary injunction. Given that the claims arose between April 2017 and September 2018, it does not appear that interim relief is necessary. The Court thus construes Plaintiff's request for relief as relief at the close of this case. If Plaintiff requires more immediate relief from the Court, he should file a separate motion for TRO and/or preliminary injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure. In the motion, he should describe the exact relief he seeks and the facts that support his request for relief. Plaintiff may file a Rule 65 motion at any time it is necessary to do so during the pending action.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** against Defendants **REICHERT, SCHOENBECK, SPILLER,** and **THULL-SNEED** and **COUNT 2** against Defendants **LASHBROOK, BARTON, REICHERT, SCHOENBECK, SPILLER,** and **THULL-SNEED** survive screening pursuant to 28 U.S.C. § 1915A and will receive further review. **COUNTS 1** and **2** are **DISMISSED** without prejudice against all other defendants for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendants **JOHN DOES** are **DISMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against them.

**IT IS FURTHER ORDERED** that, with respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LASHBROOK, REICHERT, SCHOENBECK, SPILLER,**

**BARTON** and **THULL-SNEED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**